UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES J. JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:12cv575 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

James J. Johnson, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held on August 13, 2012, at the Miami Correctional Facility. At that hearing (MCF 12-08-0016), the Disciplinary Hearing Body (DHB) found him guilty of Physically Resisting in violation B-235. Mr. Johnson was sentenced to 30 days in segregation, 30 days commissary restriction, and demoted from credit class I to credit class II. He lists four grounds in his petition.

First, he argues that as a result of being placed in segregation, he was unable to access the law library to prepare for two state court proceedings. Even if true, this is irrelevant in this habeas corpus proceeding. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). It is not a method for challenging the consequences of being placed in segregation. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must

instead employ § 1983 or another statute authorizing damages or injunctions . . ..") Therefore, the first ground is not a basis for habeas corpus relief.

Second, Mr. Johnson argues that he was subjected to double jeopardy when his visitation was limited on August 16, 2012. Double jeopardy is not applicable because a prison disciplinary proceeding does not constitute "prosecution" for double jeopardy purposes. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge); and *Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense). Moreover, Mr. Johnson was not even entitled to due process before his visitation was restricted. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.") Therefore, the second ground is not a basis for habeas corpus relief.

Third, Mr. Johnson seeks an injunction to change the prison's segregation policies. As previously explained, such injunctive relief in not available in a habeas corpus proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). Therefore, the third ground is not a basis for habeas corpus relief.

Finally, Mr. Johnson argues that several prison officials were personally responsible for violating his clearly established rights when they placed him in segregation and denied him access to the law library. In response, he seeks monetary damages. Again, such claims are not relevant in a habeas corpus proceeding and monetary damages are not possible in this proceeding. *Id.* Therefore, the fourth ground is not a basis for habeas corpus relief.

Mr. Johnson has not provided any basis for finding that his "conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Because he has not demonstrated any due process violations in relation to his having been found guilty of Physically Resisting, habeas corpus relief must be denied. For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

Entered: October 30, 2012

                                                           s/William C. Lee
                                                          William C. Lee, Judge
                                                          United States District Court